THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO ADVISORS FINANCIAL NETWORK,
LLC and WELLS FARGO CLEARING SERVICES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA TANIOUS,<br><br>        Plaintiff,<br><br>  vs.<br><br>WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC; WELLS FARGO CLEARING SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO.:_____<br><br>[Los Angeles County Superior Court Case No. 24STCV08942]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)** |

573325

1

NOTICE OF REMOVAL

## **TABLE OF CONTENTS**

**PAGE NO.**

I.   THE STATE COURT ACTION AND PROCEDURE OF REMOVAL ...................................................................................5

II.  JURISDICTION ...........................................................................6

III. DIVERSITY OF CITIZENSHIP ..................................................7

    A.   Plaintiff Is a Citizen of California or Florida.........................7

    B.   Wells Fargo Advisors Financial Network and Wells Fargo Clearing Services, LLC—the Only Two Defendants—Are Citizens of Delaware and North Carolina.................................8

IV.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.........9

    A.   Plaintiff's Complaint Pleads Damages in Excess of $75,000. ..........10

        1.   Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy. ...........................10

        2.   Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000.................................10

        3.   The Alleged Punitive Damages Further Prove the Amount in Controversy Exceeds $75,000. ..........................................11

    B.   Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000. ...........................12

V.   PROCESS, PLEADINGS AND ORDERS.....................................14

# TABLE OF AUTHORITIES

**PAGE NO.**

## FEDERAL CASES

*Abrego v. Dow Chem. Co.,*
443 F.3d 676 (9th Cir. 2006)..................................................................9

*Avila v. P & L Dev., LLC,*
No. CV 18-01211 SJO (AS),
2018 WL 1870422 (C.D. Cal. Apr. 18, 2018)...............................................11

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,*
465 F.2d 489 (9th Cir.1972)..................................................................9

*Chambers v. Penske Truck Leasing Corp.,*
No. 1:11-CV-00381 LJO,
2011 WL 1459155 (E.D. Cal. April 15, 2011)..............................................12

*Chavez v. JPMorgan Chase & Co.,*
888 F.3d 413 (9th Cir. 2018)............................................................10, 11

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
135 S. Ct. 547 (2014) ..................................................................9

*Davis v. HSBC Bank Nev., N.A.,*
557 F.3d 1026 (9th Cir. 2009)..................................................................8

*Fritsch v. Swift Trans. Co. of Ariz., LLC,*
899 F.3d 785 (9th Cir. 2018)..................................................................11

*Gibson v. Chrysler Corp.,*
261 F.3d 927 (9th Cir. 2001)............................................................11, 12

*Haase v. Aerodynamics Inc.,*
No. 2:09-CV-01751-MCE-GG,
2009 WL 3368519 (E.D. Cal. Oct. 19, 2009) ..............................................12

*Hertz Corp. v. Friend,*
130 S. Ct. 1181 (2010) ..................................................................9

*In re Taco Bell Wage & Hour Actions,*
222 F. Supp. 3d 813 (E.D. Cal. 2016)......................................................11

*Kanter v. Warner-Lambert Co.,*
265 F.3d 853 (9th Cir. 2001)..................................................................7

*Langston v. T-Mobile US, Inc.,*
No. LACV18-01972 JAK(ASx),
2018 WL 2382464 (C.D. Cal. May 24, 2018) ..............................................9

*Lew v. Moss,*
797 F.2d 747 (9th Cir. 1986)..............................................................7, 8

*Mondragon v. Cap. One Auto Fin.,*
776 F.3d 880 (9th Cir. 2013)..................................................................8

573325

NOTICE OF REMOVAL

## TABLE OF AUTHORITIES (cont'd)

**PAGE NO.**

**FEDERAL CASES**

*Navarro v. DHL Glob. Forwarding*,
No. 215CV05510CASEX, 2018 WL 2328191
(C.D. Cal. May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL
6722404 (9th Cir. Nov. 6, 2018)..................................................................11

*Simmons v. PCR Tech.*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002) ...................................................12, 13

*Spanish Hills Surgery Ctr., LLC v. Aetna Health of Cal.*,
Case No. CV 039-06384 MMM,
2009 WL 3735395 (C.D. Cal. Nov. 4, 2009).................................................8

**STATUTES**

28 U.S.C. Section 1332 (c)(1) ...................................................................6, 8

28 U.S.C. Section 1441.............................................................................6, 7

28 U.S.C. Section 1446(b) .........................................................................6

California Code Civil Procedure Section 170.6 .........................................6

California Government Code Section 12965(b)...........................................11

California Labor Code Section 1102.5 .......................................................12

Federal Rule of Civil Procedure 6(a).........................................................6

Federal Rule of Civil Procedure 8(a).........................................................9

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT defendants Wells Fargo Advisors Financial Network, LLC ("FiNet")[1] and Wells Fargo Clearing Services, LLC ("WFCS", collectively with FiNet, "Defendants") hereby remove to this Court the state court action described below pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

**I.     THE STATE COURT ACTION AND PROCEDURE OF REMOVAL**

On April 8, 2024, plaintiff Graciela Tanious ("Plaintiff") commenced an action against Defendants in the Superior Court of the State of California in and for the County of Los Angeles ("Superior Court"), entitled *Graciela Tanious v. Wells Fargo Advisors Financial Network, LLC et al.*, Case No. 24STCV08472 (the "Action"). A true and correct file-stamped copy of the Complaint with Civil Case Cover Sheet is attached hereto as Exhibit "A." A true and correct copy of the Summons, filed on April 8, 2024, is attached hereto as Exhibit "B." On April 9, 2024, the Superior Court assigned the matter to the Honorable Barbara M. Scheper, who issued a Notice of Case Management Conference for September 5, 2024. A true and correct copy of the April 9, 2024 Notice of Case Management is attached hereto as Exhibit "C."

Plaintiff served both Defendants with the Summons, Civil Cover Sheet, Complaint, ADR Package, and Notice of Case Assignment on April 9, 2024. True and correct copies of the Notices of Service of Process evidencing the April 9, 2024 service on Defendants are attached hereto as Exhibit "D". Plaintiff subsequently filed Proofs of Service on April 9, 2024, further evidencing the April 9, 2024

---

[1] FiNet contends it is an improper defendant and did not employ Plaintiff. Irrespective of the propriety of its inclusion in this Action, it remains a diverse defendant from Plaintiff. *See infra* Section II.B.

573325

service.  True and correct copies of the Proofs of Service filed by Plaintiff are attached hereto as Exhibit "E."

On April 10, 2024, Plaintiff filed a "Peremptory Challenge to Judicial Officer (Code Civ. Proc., § 170.6)".  A true and correct copy of the Peremptory Challenge filed by Plaintiff is attached hereto as Exhibit "F."  The Superior Court granted Plaintiff's Peremptory Challenge and transferred the matter to the Honorable Alison Mackenzie.  A true and correct copy of the Superior Court's Minute Order dated April 15, 2024, is attached hereto as Exhibit "G" and the Notice of Case Reassignment and Order for Plaintiff to Give Notice" dated April 15, 2024, is attached hereto as Exhibit "H."  On May 8, 2024, Defendants filed Answers in the Superior Court.  Attached hereto as Exhibit "J" are true and correct copies of Defendants' Answers.

This Notice of Removal is filed within 30 days from the date upon which Defendants were served and is within the time for removal provided by law.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

## II.   **<u>JURISDICTION</u>**

This is a civil action of which the instant Court has original jurisdiction under 28 U.S.C. Section 1332 and is one that may be removed to the instant Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in which the amount in controversy exceeds $75,000 and Plaintiff and Defendants are citizens of different states.  Plaintiff is a citizen of California or Florida and Defendants are citizens of Delaware and North Carolina.  *See* Section III.B, *infra*.

573325

## III.   DIVERSITY OF CITIZENSHIP

Complete diversity exists between Plaintiff and *both* Defendants.[2]

### A.   Plaintiff Is a Citizen of California or Florida.

For diversity purposes, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As the Ninth Circuit observed in *Lew*, determining an individual's domicile involves a number of factors, including current residence, place of employment, voting registration and voting practices, location of personal and real property, location of bank accounts, location of spouse and family, membership in unions and other organizations, driver's license and automobile registration, and payment of taxes. *Lew*, 77 F.2d at 750. Furthermore, "a person's old domicile is not lost until a new one is acquired." *Id*.

Plaintiff's Complaint asserts that "at all times relevant to the matters alleged in this complaint an individual with her residence in California." *See* Exh. A, Compl., ¶ 1. WFCS hired Plaintiff in May 2015 as a Financial Advisor based out of its Beverly Hills, California location. Plaintiff remained based out of WFCS' Beverly Hills location until the termination of her employment on or about January 29, 2024. During her employment with WFCS, Plaintiff reported and her wage statements and W-2s indicated Plaintiff's residence in Tarzana, California. Based thereon, Plaintiff filed the Complaint in the Superior Court for the State of California, County of Los Angeles. *See generally* Exh. A, Compl.

However, on information and belief, Plaintiff appears to reside currently in the State of Florida. Plaintiff and her husband own property in Florida, Plaintiff is

---

[2] The citizenship of fictitious "Doe" defendants is disregarded for removal purposes. *See* 28 U.S.C. § 1441(b)(1).

registered to vote in the State of Florida, and as recent as 2023, Plaintiff maintained a driver's license in the State of Florida.

Based on the foregoing, Plaintiff either resides in California or Florida, and for purposes of diversity, Plaintiff is a citizen of California or Florida. *See, e.g., Mondragon v. Cap. One Auto Fin.*, 776 F.3d 880 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew*, 797 F.2d at 751-52 (holding that California was the state of domicile for a party with a California residential address).

**B.     Wells Fargo Advisors Financial Network  and Wells Fargo Clearing Services, LLC—the Only Two Defendants—Are Citizens of Delaware and North Carolina.**

Both Wells Fargo Advisors Financial Network, LLC and Wells Fargo Clearing Services, LLC are limited liability companies.  As such, their citizenship is determined by the citizenship of each of their members.  *See Spanish Hills Surgery Ctr., LLC v. Aetna Health of Cal.*, Case No. CV 039-06384 MMM, 2009 WL 3735395, at *3 (C.D. Cal. Nov. 4, 2009) ("The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction … Thus, an 'LLC is a citizen of every state of which its owners/members are citizens.'").

Both FiNet's and WFCS' sole member is Wachovia Securities Financial Holdings, LLC—also a limited liability company and its sole member is Everen Capital Corporation.  Accordingly, for the purpose of diversity, the citizenship of FiNet and WFCS shall be determined by the citizenship of Everen Capital Corporation.

For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'  28 U.S.C. § 1332 (c)(1)." *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d

573325

1026, 1028 (9th Cir. 2009).

First, Everen Capital Corporation is incorporated under the laws of the State of Delaware. Accordingly, FiNet and WFCS are citizens of **Delaware**.

Second, to determine a corporation's principal place of business, federal courts must utilize the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010). Under the "nerve center" test, a corporation's principal place of business is "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Id*. Per the U.S. Supreme Court, a corporation's nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*. at 1184. Everen Capital Corporation maintains its headquarters in Charlotte, North Carolina, where many of its executive officers maintain offices and where many key operations are centralized. Consequently, FiNet and WFCS are also citizens of **North Carolina.**

Significantly, neither FiNet nor WFCS is a citizen of California or Florida.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

An action may be removed if the defendant establishes that the aggregate amount in controversy exceeds $75,000. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir.1972). A notice of removal may satisfy this burden through plausible allegations, consistent with Federal Rule of Civil Procedure 8(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014). Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the court. *Id*. at 554; *Langston v. T-Mobile US, Inc.*, No. LACV18-01972 JAK(ASx), 2018 WL 2382464, at *4 (C.D. Cal. May 24, 2018) (applying the plausible allegations standard to a single-plaintiff diversity case). As shown on the face of the

573325

Complaint, Plaintiff seeks damages well in excess of the $75,000 threshold.

**A.      Plaintiff's Complaint Pleads Damages in Excess of $75,000.**

**1.      Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy.**

Plaintiff worked for WFCS from May 2015 until the termination of her employment on or about January 29, 2024.  While Plaintiff's allegations are bare, Plaintiff alleges that Defendants terminated her employment as a result of her age and for taking leave to care for her husband.  Plaintiff seeks to recover "loss in earnings and other employment benefits according to proof at time of trial," emotional distress damages, penalties under the California Labor Code, punitive damages, attorneys' fees and costs, restitution and other equitable relief.  *See, e.g.* Exh. A, Compl. ¶¶ 18-21, 25-28, 31-34, 37-40, 46-47, and Prayer for Relief at p. 7.

As a Financial Advisor for WFCS, Plaintiff's earnings were commission-based.  For the year ending 2023 (the last full year Plaintiff worked), Plaintiff earned approximately $63,377.00 (or $1,218.79 per week based on a calculation of $63,377 (annual earnings) ÷ 2080 (annual hours) x 40 (hours per week)).  Given that this Action will plausibly receive a trial date no earlier than one year following the filing of this Notice of Removal (May 2025), Plaintiff's alleged lost wages at trial could total $80,440.14 ($1,218.70 per week x 66 weeks).  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that it was appropriate to consider lost future wages in assessing whether the amount in controversy was satisfied on removal).  This amount is exclusive of any benefits Plaintiff claims she lost as a result of Defendants' alleged unlawful conduct.

**2.      Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000.**

When attorneys' fees are recoverable by statute, they are also factored into the amount in controversy.  "[T]he amount in controversy is determined by the

complaint operative at the time of removal and encompasses ***all relief*** a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15 (emphasis added). "The phrases 'all relief' and 'certain classes of damages' encompass all of the plaintiff's future recovery, not lost wages alone. Accordingly, *Chavez*'s reasoning clearly applies to attorneys' fees." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018). Here, should Plaintiff prevail on any of her claims brought under the Fair Employment and Housing Act ("FEHA") (first through fourth causes of action) and California Labor Code (sixth cause of action), she will be entitled to recover attorneys' fees. *See* Cal. Gov't Code § 12965(b); *see also Avila v. P & L Dev., LLC*, No. CV 18-01211 SJO (AS), 2018 WL 1870422, at \*3 (C.D. Cal. Apr. 18, 2018) (stating that a "conservative" approach estimates fees corresponding to approximately 100 hours spent by counsel on an employment lawsuit and finding that attorneys' fees increased total amount in controversy to over $75,000, establishing diversity jurisdiction); *Navarro v. DHL Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191, at \*5 (C.D. Cal. May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL 6722404 (9th Cir. Nov. 6, 2018) (awarding plaintiff over $600,000 in fees for over 1,000 hours of attorney work in employment discrimination action); *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (collecting numerous authorities finding between $300 and $400 per hour to be reasonable rates in employment litigation for counsel with twenty or more years of experience, between $250 and $300 for counsel with less than fifteen years of experience, and between $125 and $200 for counsel with less than two years of experience).

### 3. The Alleged Punitive Damages Further Prove the Amount in Controversy Exceeds $75,000.

Plaintiff also seeks to recover punitive damages. *See* Exh. A, Compl., ¶¶ 20, 27, 33, 39, 43, 47, and Prayer for Relief at p. 7. Punitive damages are used to determine whether the jurisdictional minimum has been satisfied. *See Gibson v.*

573325

*Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (stating "the potential for large punitive damage awards in employment discrimination cases" satisfies the $75,000 requirement); *Chambers v. Penske Truck Leasing Corp*., No. 1:11-CV-00381 LJO, 2011 WL 1459155, *4 (E.D. Cal. April 15, 2011) (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, *4 (E.D. Cal. Oct. 19, 2009) (denying remand in FEHA action as "even a minimum award of punitive damages would satisfy the jurisdictional requirement").

### B. Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000.

Plaintiff brings claims for: (i) discrimination in violation of the FEHA based on age and taking leave; (ii) failure to prevent discrimination in violation of the FEHA; (iii) retaliation in violation of the FEHA; (iv) failure to prevent retaliation in violation of the FEHA; (v) wrongful termination in violation of public policy; and (vi) violation of California Labor Code section 1102.5. *See generally* Exh. A, Compl. When successful, employment claims alleging violation of the FEHA and Section 1102.5 frequently result in jury verdicts in excess of $75,000 (exclusive of attorneys' fees). To establish the amount in controversy, which can include both compensatory and punitive damages, a removing defendant "may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons,* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury verdict reporters to establish the amount in controversy). The following jury verdicts are illustrative:

- *Nunez v. Bd. of Trustees of the Calif. State. Univ.,* Superior Court of San

573325

Bernardino, Case No. JVR No. 2006290032 (July 3, 2018): the jury awarded over $600,000 to a plaintiff who alleged age discrimination and retaliation under the FEHA and CFRA, and retaliation in violation of Section 1102.5. *See* RJN ¶ 1, Exh. A.

- *Edwards v. J.K. Residential Servs. Inc.*, Superior Court, Los Angeles County, Case No BC500655 (December 6, 2016): the jury awarded over $100,000 in lost earnings and benefits and emotional distress to a plaintiff who took leave under the CFRA and her employment was terminated shortly after returning from leave. *See* RJN ¶ 2, Exh. B.

- *Preciado v. Alfaqir Inc. et al.*, Superior Court, San Bernardino County, Case No. CIVRS-13-07108 (October 19, 2016): the jury awarded over $350,000 in economic and noneconomic damages to a plaintiff who took leave under the CFRA to care for his wife and his employment was terminated after returning from leave. *See* RJN ¶ 3, Exh. C.

- *Herzig v. Regina L. Edmond, M.D., Inc.*, Superior Court of Los Angeles, Case No. BC579970 (March 28, 2017): the jury awarded in excess of $75,000 to plaintiff on her claims for disability discrimination, age discrimination, retaliation, and failure to accommodate. *See* RJN ¶ 4, Exh. D.

Although not identical in every respect, the foregoing cases contain enough similarities to Plaintiff's allegations here to establish that the jurisdictional minimum has been met. *See Simmons,* 209 F. Supp. 2d at 1035 (stating that the "fact that the cited cases involve distinguishable facts is not dispositive" and that the cited cases "amply demonstrate the potential for large punitive [and emotional

573325

distress] damage awards").

Accordingly, for all the reasons discussed above, the amount in controversy exceeds $75,000.

## V.    PROCESS, PLEADINGS AND ORDERS

- Attached hereto as Exhibit "A" is a true and correct file-stamped copy of the Complaint and Civil Case Cover Sheet Plaintiff filed with the Superior Court on April 8, 2024.

- Attached hereto as Exhibit "B" is a true and correct copy of the Summons Plaintiff filed with the Superior Court on April 8, 2024.

- Attached hereto as Exhibit "C" is a true and correct copy of the Notice of Case Management Conference, dated April 9, 2024.

- Attached as hereto as Exhibit "D" are true and correct copies of the Notices of Service of Process evidencing the April 9, 2024 service date.

- Attached hereto as Exhibit "E" are true and correct copies of the Proofs of Service Plaintiff filed on or about April 9, 2024.

- Attached hereto as Exhibit "F" is a true and correct copy of the "Peremptory Challenge to Judicial Officer (Code Civ. Proc., § 170.6)" Plaintiff filed on April 10, 2024.

- Attached hereto as Exhibit "G" is a true and correct copy of the Superior Court's Minute Order dated April 15, 2024, reassigning the Action to the Honorable Alison Mackenzie.

- Attached hereto as Exhibit "H" is a true and correct copy of the Notice of Reassignment and Order for Plaintiff to Give Notice, filed by the Superior Court on April 15, 2024.

- Attached hereto as Exhibit "I" is a true and correct copy of the Notice of Case Management Conference, filed by the Superior Court on April

573325

17, 2024, setting a case management conference for August 19, 2024.

- Attached hereto as Exhibit "J" are true and correct copies of the Answers filed in the Superior Court by Defendants on May 8, 2024.

Defendants are informed and believe that Exhibits "A" through "J" constitute all the process, pleadings, and/or orders served upon it and/or filed in the Superior Court action.

On this day, or no later than the next business day, notice of this removal will be given to both Plaintiff and to the Clerk of the Superior Court. True and correct copies of these notices are attached hereto as Exhibits "K" and "L," respectively. The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

DATED:  May 9, 2024

KADING BRIGGS LLP
THERESA A. KADING
KYMBERLEIGH DAMRON-HSIAO

By: _____
KYMBERLEIGH DAMRON-HSIAO

Attorneys for Defendants
WELLS FARGO ADVISORY FINANCIAL
NETWORK, LLC and WELLS FARGO
CLEARING SERVICES, LLC

573325

NOTICE OF REMOVAL

EXHIBIT "A"

# EXHIBIT "A"

Lawrence W. Freiman, Esq. (SBN 288917)
lawrence@freimanlegal.com
FREIMAN LEGAL
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1004
Facsimile:  (310) 300-2603

*Counsel for Plaintiff Graciela Tanious*

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/08/2024 12:18 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| GRACIELA TANIOUS,<br><br>                Plaintiff,<br><br>v.<br><br>WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC; WELLS FARGO CLEARING SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>                Defendants. | CASE NO.:  24STCV08742<br><br>**COMPLAINT FOR:**<br><br>1. Discrimination in Violation of FEHA<br>2. Failure to Prevent Discrimination (FEHA)<br>3. Retaliation in Violation of FEHA<br>4. Failure to Prevent Retaliation (FEHA)<br>5. Wrongful Termination in Violation of Public Policy<br>6. Violation of Labor Code 1102.5<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GRACIELA TANIOUS for her Complaint against Defendants WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC; WELLS FARGO CLEARING SERVICES, LLC; and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

COMPLAINT FOR DAMAGES

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff GRACIELA TANIOUS was at all times relevant to the matters alleged in this complaint an individual with her residence in California.

2. Defendant WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC is a Delaware Limited Liability Company and at all times relevant to this Complaint was doing business in California.

3. Defendant WELLS FARGO CLEARING SERVICES, LLC is a Delaware Limited Liability Company and at all times relevant to this Complaint was doing business in California.

4. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendants herein shall also refer to Does 1 through 20, inclusive.

5. Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

6. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Los Angeles.

7. Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Los Angeles, because the Defendants conduct business in the County of Los Angeles, and the unlawful practices occurred in the County of Los Angeles.

## FACTUAL BACKGROUND

8. Defendants were Plaintiff's employers.

9. Defendants discriminated against Plaintiff on the basis of age and family care and medical leave related to a serious health condition of Plaintiff's husband, and as a result of the discrimination, Plaintiff was subjected to adverse employment actions, including but not limited to, termination, reprimand, demotion, denial of employment benefits or privileges, and denial of work opportunities and assignments.

10. Defendants were aware of the discrimination and failed to prevent it.

11. Defendants retaliated against Plaintiff because Plaintiff reported/resisted the discrimination and requested and used family care and medical leave related to a serious health condition of Plaintiff's husband and as a result Plaintiff was subjected to adverse employment actions, including but not limited to, termination, reprimand, demotion, denial of employment benefits or privileges, and denial of work opportunities and assignments.

12. Defendants were aware of the retaliation and failed to prevent it.

13. Plaintiff made protected complaints to Defendant about conduct that she reasonably believed to be in violation of the law and/or illegal, and Defendant terminated Plaintiff in retaliation for making the protected complaints.

14. Defendant wrongfully terminated Plaintiff in violation of California public policy.

15. Plaintiff filed a charge with the California Civil Rights Department and received a Notice of Right to Sue on March 27, 2024 and Plaintiff has thus exhausted all necessary administrative remedies.

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of FEHA)

### (As Against All Defendants)

16. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

17. Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

COMPLAINT FOR DAMAGES

3

18.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

19.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to Plaintiff's damages in an amount according to proof at trial.

20.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

21.    Plaintiff is entitled to his attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Failure to Prevent Discrimination in Violation of FEHA)

### (As Against All Defendants)

22.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

23.    Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

24.    Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

25.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

26.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

27.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

28.    Plaintiff is entitled to her attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### (As Against All Defendants)

29.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

30.    Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

31.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

32.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

33.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

34.    Plaintiff is entitled to his attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Failure to Prevent Retaliation in Violation of FEHA)

### (As Against All Defendants)

35.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

36.    Defendant's actions constitute failure to prevent retaliation in violation of the Fair Employment and Housing Act ("FEHA").

37.    As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

\\\

\\\

COMPLAINT FOR DAMAGES

5

38.    As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

39.    In doing the acts herein alleged, Defendant acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

40.    Plaintiff is entitled to her attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (As Against All Defendants)

41.    Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

42.    Defendants' actions constitute wrongful termination in violation of the public policies embedded in FEHA and California Labor Code.

43.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, emotional distress, and seeks punitive damages all in an amount subject to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of Cal. Labor Code s. 1102.5)

### (As Against All Defendants)

44.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

45.    Defendant retaliated against Plaintiff on the basis of his making protected complaints.

46.    As a proximate result of this retaliation, Plaintiff has suffered economic damages, emotional distress and general damages according to proof at time of trial.

47.    In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

COMPLAINT FOR DAMAGES

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;

2.      For penalties, statutory obligations, special damages, compensatory, and general damages in an amount to be proven at trial;

3.      For punitive damages as allowed by law;

4.      Loss of income incurred and to be incurred according to proof;

5.      For reasonable attorneys' fees;

6.      For costs of suit incurred herein;

7.      For interest provided by law;

8.      All damages and penalties pursuant to the California Labor Code;

9.      For restitution and other equitable relief; and

10.     For such other and further relief as the court deems just and proper.

Dated: April 8, 2024          By:          FREIMAN LEGAL

_____

Lawrence W. Freiman, Esq.
Counsel for Plaintiff Graciela Tanious

## DEMAND FOR JURY TRIAL

Plaintiff Graciela Tanious demands a jury trial.

Dated: April 8, 2024          By:          FREIMAN LEGAL

_____

Lawrence W. Freiman, Esq.
Counsel for Plaintiff Graciela Tanious

COMPLAINT FOR DAMAGES

7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lawrence W. Freiman, Esq. SBN 288917<br>Freiman Legal, 100 Wilshire Blvd., Suite 700, Santa Monica, CA 90401<br><br>TELEPHONE NO.: 310-917-1004    FAX NO.: 310-300-2603<br>EMAIL ADDRESS: lawrence@freimanlegal.com<br>ATTORNEY FOR *(Name):* Plaintiff, Graciela Tanious | FOR COURT USE ONLY<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/08/2024 12:18 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Graciela Tanious v. Wells Fargo Advisors Financial Network, LLC et.al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $35,000)   $35,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | CASE NUMBER:<br>24STCV08742<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 8, 2024

Lawrence Freiman, Esq.
_____
(TYPE OR PRINT NAME)        ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tanious v. Wells Fargo Advisors Financial Network, LLC et.al. | 24STCV08742 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tanious v. Wells Fargo Advisors Financial Network, LLC et.al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| *Other Personal Injury/Property Damage/Wrongful Death Tort* | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| *Non-Personal Injury/Property Damage /Wrongful Death Tort* | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| *Employment* | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| *Contract* | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tanious v. Wells Fargo Advisors Financial Network, LLC et.al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tanious v. Wells Fargo Advisors Financial Network, LLC et.al. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE Tanious v. Wells Fargo Advisors Financial Network, LLC et.al. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions (not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 9665 Wilshire Blvd, 10th Floor |
|---|---|
| **CITY:** Bevely Hills  **STATE:** CA  **ZIP CODE:** 90212 | |

**Step 5: Certification of Assignment:**  I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 04/08/2024 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

EXHIBIT "B"

# EXHIBIT "B"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo Advisors Financial Network, LLC; Wells Fargo Clearing Services, LLC; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Graciela Tanious

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/08/2024 12:18 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill St.
Los Angeles, CA 90012

</td><td>

**CASE NUMBER:**
*(Número del Caso):*

24STCV08742

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence W. Freiman, Freiman Legal, 100 Wilshire Blvd., Suite 700 Santa Monica, CA 90401 310-917-1004

David W. Slayton, Executive Officer/Clerk of Court

**DATE:** 04/08/2024
*(Fecha)*

Clerk, by E. Galicia , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corp. Code 17701.16, Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo Advisors Financial Network, LLC; Wells Fargo Clearing Services, LLC; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Graciela Tanious

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**Electronically FILED by Superior Court of California, County of Los Angeles 4/08/2024 12:18 PM David W. Slayton, Executive Officer/Clerk of Court, By E. Galicia, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill St.
Los Angeles, CA 90012

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| 24STCV08742 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence W. Freiman, Freiman Legal, 100 Wilshire Blvd., Suite 700 Santa Monica, CA 90401 310-917-1004

David W. Slayton, Executive Officer/Clerk of Court

DATE:
*(Fecha)* 04/08/2024

Clerk, by
*(Secretario)* E. Galicia , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WELLS FARGO CLEARING SERVICES, LLC
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corp. Code 17701.16, Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT "C"

# EXHIBIT "C"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Graciela Tanious

DEFENDANT:
Wells Fargo Advisors Financial Network, LLC, et al.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/09/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ B. Byers _____ Deputy

CASE NUMBER:
24STCV08742

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 09/05/2024 | Time: 8:30 AM | Dept.: 30 |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/09/2024

_____
Judicial Officer
Barbara M. Scheper / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Lawrence W. Freiman, Esq.
100 Wilshire Blvd.
Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

By B. Byers _____
Deputy Clerk

Dated: 04/09/2024

LASC LACIV 132 Rev. 01/23
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

EXHIBIT "D"

# EXHIBIT "D"



# Notice of Service of Process

NTP / ALL
**Transmittal Number: 28888347**
**Date Processed: 04/09/2024**

**Primary Contact:**     WF East - WF Advisors
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | Wells Fargo Clearing Services, LLC<br>Entity ID Number  1949082 |
| **Entity Served:** | Wells Fargo Clearing Services, LLC |
| **Title of Action:** | Graciela Tanious vs. Wells Fargo Advisors Financial Network, LLC |
| **Matter Name/ID:** | Graciela Tanious vs. Wells Fargo Advisors Financial Network, LLC (15544980) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24STCV08742 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/09/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Freiman Legal<br>310-917-1004 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# Notice of Service of Process

**NTP / ALL**
**Transmittal Number: 28888352**
**Date Processed: 04/09/2024**

| | |
|---|---|
| **Primary Contact:** | WF East - WF Advisors<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Advisors Financial Network, LLC<br>Entity ID Number  2176645 |
| **Entity Served:** | Wells Fargo Advisors Financial Network, LLC |
| **Title of Action:** | Graciela Tanious vs. Wells Fargo Advisors Financial Network, LLC |
| **Matter Name/ID:** | Graciela Tanious vs. Wells Fargo Advisors Financial Network, LLC (15544980) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24STCV08742 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/09/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Freiman Legal<br>310-917-1004 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "E"

# EXHIBIT "E"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Freiman Legal<br>Lawrence Freiman SBN 288917<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br><br>TELEPHONE NO:  310-917-1004        FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  lawrence@freimanlegal.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/10/2024 8:55 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Lopez, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles |
|---|
| STREET ADDRESS:   111 N. Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:   Los Angeles, 90012-3117 |
| BRANCH NAME:   Central District |

| PLAINTIFF / PETITIONER:   GRACIELA TANIOUS<br>DEFENDANT / RESPONDENT:   WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, et al | CASE NUMBER:<br>24STCV08742 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10829583 (22636238) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
    a. ☒ Summons
    b. ☒ Complaint
    c. ☒ Alternative Dispute Resolution (ADR) Package
    d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ Cross-Complaint
    f. ☒ Other *(specify documents)*:    Notice of Case Assignment - Unlimited Civil Case, First Amended General Order, Voluntary Efficient Litigation Stipulation Packet, Peremptory Challenge
3. a. Party served *(specify name of party as shown on documents served)*:
       WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC
    b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
       CSC Lawyers Incorporating Service - Rebecca Vang - Person Authorized to Accept Service of Process
4. Address where the party was served:
    2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
    a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    Tue, Apr 09 2024            (2) at *(time)*:   01:44 PM
    b. ☐ **by substituted service.** On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
              from *(city)*:                                        or ☐ a declaration of mailing is attached.
        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:   GRACIELA TANIOUS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, et al | 24STCV08742 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:  (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify)*:    WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |

☒  other:    Corp. Code 17701.16, Limited Liability Company

7.  **Person who served papers**

a.  Name:            Tyler Di Maria

b.  Address:         1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

c.  Telephone number:        800-938-8815

d.  **The fee** for service was:    $40.00

e.  I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i) ☐ owner  ☐ employee  ☒ independent contractor

(ii) Registration No:    2006-006

(iii) County:    Sacramento

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:    April 9, 2024

Tyler Di Maria

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____

(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Freiman Legal<br>Lawrence Freiman SBN 288917<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>TELEPHONE NO:   310-917-1004          FAX NO (Optional):<br>E-MAIL ADDRESS (Optional):   lawrence@freimanlegal.com<br>ATTORNEY FOR (Name):   Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/10/2024 8:54 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Lopez, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles
STREET ADDRESS:   111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Los Angeles, 90012-3117
BRANCH NAME:   Central District

| PLAINTIFF / PETITIONER:   GRACIELA TANIOUS | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, et al | 24STCV08742 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10829585 (22636239) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. **[X]** Summons
   b. **[X]** Complaint
   c. **[X]** Alternative Dispute Resolution (ADR) Package
   d. **[X]** Civil Case Cover Sheet *(served in complex cases only)*
   e. **[ ]** Cross-Complaint
   f. **[X]** Other *(specify documents)*:    Notice of Case Assignment - Unlimited Civil Case, First Amended General Order, Voluntary Efficient Litigation Stipulation Packet, Peremptory Challenge
3. a. Party served *(specify name of party as shown on documents served)*:
      WELLS FARGO CLEARING SERVICES, LLC
   b. **[X]** Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CSC Lawyers Incorporating Service - Rebecca Vang - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. **[X]** **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    Tue, Apr 09 2024                (2) at *(time)*:   01:44 PM
   b. **[ ]** **by substituted service.** On *(date)*:                        at *(time)*:                        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) **[ ]** **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) **[ ]** **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) **[ ]** **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) **[ ]** I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*:                                                  or **[ ]** a declaration of mailing is attached.
      (5) **[ ]** I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |

| | |
|---|---|
| PLAINTIFF / PETITIONER:   GRACIELA TANIOUS<br>DEFENDANT / RESPONDENT:   WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, et al | CASE NUMBER:<br>24STCV08742 |

5.  c.  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                (2)  from *(city)*:

    (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section)*:

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify)*:

  c.  [ ]  as occupant.

  d.  [X]  On behalf of *(specify)*:   WELLS FARGO CLEARING SERVICES, LLC
      under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ]  416.10 (corporation) | [ ]  415.95 (business organization, form unknown) |
| [ ]  416.20 (defunct corporation) | [ ]  416.60 (minor) |
| [ ]  416.30 (joint stock company/association) | [ ]  416.70 (ward or conservatee) |
| [ ]  416.40 (association or partnership) | [ ]  416.90 (authorized person) |
| [ ]  416.50 (public entity) | [ ]  415.46 (occupant) |

    [X]  other:   Corp. Code 17701.16, Limited Liability Company

7.  **Person who served papers**

  a.  Name:             Tyler Di Maria

  b.  Address:          1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:   $40.00

  e.  I am:

    (1)  [ ]  not a registered California process server.

    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [X]  a registered California process server:

      (i)  [ ] owner   [ ] employee   [X] independent contractor

      (ii)  Registration No:   2006-006

      (iii)  County:   Sacramento

8.  [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   April 9, 2024

Tyler Di Maria
_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
                       (SIGNATURE)

EXHIBIT "F"

# EXHIBIT "F"

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Lawrence W. Freiman, Esq.<br>Freiman Legal<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>Tel: (310) 917-1004 | 288917 | |
| ATTORNEY FOR (Name): Plaintiff, Graciela Tanious | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 N. Hill St. Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Graciela Tanious

DEFENDANT/RESPONDENT:
Wells Fargo Advisors Financial Network, LLC et.al.

| PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>24STCV08742 |
|---|---|

| Name of Judicial Officer: (PRINT) | Dept. Number: |
|---|---|
| Hon. Barbara M. Scheper | 30 |
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.

Filed on behalf of: Graciela Tanious
Name of Party

☑ Plaintiff/Petitioner          ☐ Cross Complainant
☐ Defendant/Respondent          ☐ Cross Defendant
☐ Other:

Dated: 4/9/2024

Signature of Declarant

Lawrence Freiman, Esq.
Printed Name

EXHIBIT "G"

# EXHIBIT "G"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 30

**24STCV08742**                                                                April 15, 2024
**GRACIELA TANIOUS vs WELLS FARGO ADVISORS**                                      8:21 AM
**FINANCIAL NETWORK, LLC, et al.**


Judge: Honorable Barbara M. Scheper          CSR: None
Judicial Assistant: C. Wilson                ERM: None
Courtroom Assistant: B. Byers                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re Peremptory Challenge;

The Court reviews the Peremptory Challenge filed by Graciela Tanious (Plaintiff) on 04/10/2024 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Alison Mackenzie in Department 55 at the Stanley Mosk Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar.

EXHIBIT "H"

# EXHIBIT "H"

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/15/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Wilson _____ Deputy |
| PLAINTIFF(S):<br>Graciela Tanious | |
| DEFENDANT(S):<br>Wells Fargo Advisors Financial Network, LLC, et al. | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)** | CASE NUMBER:<br>24STCV08742 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective ___04/15/2024___, an order was made that the above-entitled action, previously assigned to __Barbara M. Scheper__, is now and shall be assigned to __Alison  Mackenzie__ as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department __55__ at __Stanley Mosk Courthouse__ (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the newly assigned department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Cour

Dated: ___04/15/2024___          By __C. Wilson_____

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)**

(Proposed LACIV 253)
LASC Approved [00/00]

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/15/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Wilson _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Graciela Tanious | |
| DEFENDANT/RESPONDENT:<br>Wells Fargo Advisors Financial Network, LLC, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV08742 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment/Vacate Hearings upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Lawrence W. Freiman
Freiman Legal
100 Wilshire Blvd.
Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>04/15/2024</u>

By: <u>C. Wilson</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT "I"

# EXHIBIT "I"

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO ADVISORS FINANCIAL
NETWORK, LLC and WELLS FARGO
CLEARING SERVICES, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/08/2024 3:43 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Tang, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| GRACIELA TANIOUS,<br><br>              Plaintiff,<br><br>    vs.<br><br>WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC; WELLS FARGO CLEARING SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>              Defendants. | CASE NO. 24STCV08742<br><br>**DEFENDANT WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S ANSWER TO PLAINTIFF GRACIELA TANIOUS' COMPLAINT**<br><br>Complaint filed:  April 8, 2024 |

573701

1

WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wells Fargo Advisors Financial Network, LLC ("Defendant"), for itself and for no other defendants, answers the unverified Complaint ("Complaint") of Plaintiff Graciela Tanious ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

1.     To the extent that Plaintiff has agreed to arbitrate any or all of the purported claims asserted in the Complaint, the filing of the Complaint violates that agreement and the Complaint should be dismissed and/or stayed and Plaintiff should be compelled to arbitrate. In answering the Complaint, Defendant does not intend to waive and expressly reserves all rights to later pursue this matter in arbitration, including, but not limited to, filing a motion to compel arbitration.

SECOND AFFIRMATIVE DEFENSE

2.     The Complaint, and each and every purported cause of action contained therein, fails against Defendant because Defendant did not employ Plaintiff and is an improper defendant in this action.

573701

2

WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

3.     The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute any claim upon which relief may be granted against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

4.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, and 343; and California Government Code Sections 12960 and 12965.

## FIFTH AFFIRMATIVE DEFENSE

5.     The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff has failed to mitigate her damages, if any, and therefore any damages awarded to her must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

## SEVENTH AFFIRMATIVE DEFENSE

7.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8.     The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff is barred, in part or total, from the recovery of any damages based upon the doctrine of after-acquired evidence.

TENTH AFFIRMATIVE DEFENSE

10.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because the exclusive remedy for the damages alleged by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code Section 3200, *et seq*.  Defendant is also entitled to set-off any recovery Plaintiff may receive from any Workers' Compensation action.

ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others, and (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California Constitutions.

TWELFTH AFFIRMATIVE DEFENSE

12.      Plaintiff's causes of action arising under the Fair Employment and Housing Act (the "FEHA") are barred because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA.  Cal. Gov't Code §§ 12900 *et seq*.

THIRTEENTH AFFIRMATIVE DEFENSE

13.    The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of employment of the employee(s) involved.

FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant did not authorize, direct, or participate in any alleged discriminatory, retaliatory, and/or wrongful conduct.

SIXTEENTH AFFIRMATIVE DEFENSE

16.    Defendant denies that it discriminated or retaliated against Plaintiff. However, if Plaintiff proves Defendant's acts were discriminatory or retaliatory, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged improper grounds.

SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination and retaliation and made good faith efforts to implement and enforce that policy.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's Complaint, and each and every purported cause of action

573701

5

WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

contained therein, is barred, in whole or in part, because Plaintiff consented to the conduct for which she seeks relief.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any greater rights than she would have been if she had not taken a leave of absence or requested a leave of absence.  2 Cal. Code Regs. § 11089.  Plaintiff would not otherwise have been employed in her same position for legitimate business reasons unrelated to her leave of absence and/or request for leave of absence.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendant denies that any activity protected by Labor Code Section 1102.5 occurred or was a factor in any alleged adverse employment action against Plaintiff. However, if Plaintiff proves that such activity occurred and that such activity was a contributing factor in any adverse employment action, Plaintiff's claims based on Labor Code Section 1102.5 are barred because any alleged adverse employment action by Defendant would have occurred for legitimate, independent reasons, regardless of the alleged improper grounds.  *See* Cal. Labor Code § 1102.6.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claim for equitable relief fails because Plaintiff has an adequate remedy at law.

573701

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's claims, or some of them, are "frivolous" pursuant to California Code of Civil Procedure § 128.6 and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein; and

4.    For such other and further relief as the Court deems just and proper.

DATED:  May 8, 2024                KADING BRIGGS LLP
                                   THERESA A. KADING
                                   KYMBERLEIGH DAMRON-HSIAO

                                   By: _____
                                       KYMBERLEIGH DAMRON-HSIAO

                                   Attorneys for Defendants
                                   WELLS FARGO ADVISORS FINANCIAL
                                   NETWORK, LLC and WELLS FARGO
                                   CLEARING SERVICES, LLC

573701

7

WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**<u>PROOF OF SERVICE</u>**

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **May 8, 2024**, I served the foregoing document(s) described as: **DEFENDANT WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC'S ANSWER TO PLAINTIFF GRACIELA TANIOUS' COMPLAINT** on the interested parties in this action by the method indicated below and to the following addresses:

Lawrence Freiman, Esq.
FREIMAN LEGAL
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401

Attorneys for Plaintiff GRACIELA TANIOUS

Telephone: (310) 917-1004
Facsimile: (310) 300-2603
Email: lawrence @freimanlegal.com

☐ **BY ELECTRONIC SERVICE THRU ONE LEGAL ONLINE COURT SERVICES:** I caused a copy of the foregoing document to be uploaded to One Legal Online Court Services for electronic service on the above-referenced individuals.

☐ **BY ELECTRONIC MAIL:** I served the foregoing document(s) via electronic mail to the email address(es) noted above.

☒ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **May 8, 2024**, at Irvine, California.

_____
**Valerie Beechler**

PROOF OF SERVICE

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO ADVISORS FINANCIAL
NETWORK, LLC and WELLS FARGO
CLEARING SERVICES, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/08/2024 3:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Tang, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| GRACIELA TANIOUS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC; WELLS FARGO CLEARING SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | CASE NO. 24STCV08742<br><br>**DEFENDANT WELLS FARGO CLEARING SERVICES, LLC'S ANSWER TO PLAINTIFF GRACIELA TANIOUS' COMPLAINT**<br><br>Complaint filed:  April 8, 2024 |

573702

1

WELLS FARGO CLEARING SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wells Fargo Clearing Services, LLC ("Defendant"), for itself and for no other defendants, answers the unverified Complaint ("Complaint") of Plaintiff Graciela Tanious ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation in the Complaint.  Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

1.     To the extent that Plaintiff has agreed to arbitrate any or all of the purported claims asserted in the Complaint, the filing of the Complaint violates that agreement and the Complaint should be dismissed and/or stayed and Plaintiff should be compelled to arbitrate.  In answering the Complaint, Defendant does not intend to waive and expressly reserves all rights to later pursue this matter in arbitration, including, but not limited to, filing a motion to compel arbitration.

SECOND AFFIRMATIVE DEFENSE

2.     The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute any claim upon which relief may be granted against Defendant.

573702

2

THIRD AFFIRMATIVE DEFENSE

3.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, and 343; and California Government Code Sections 12960 and 12965.

FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff has failed to mitigate her damages, if any, and therefore any damages awarded to her must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff is barred, in part or total, from the recovery of any damages based upon the doctrine of after-acquired evidence.

NINTH AFFIRMATIVE DEFENSE

9.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because the exclusive remedy for the damages alleged by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code Section 3200, *et seq.* Defendant is also entitled to set-off any recovery Plaintiff may receive from any Workers' Compensation action.

TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others, and (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California Constitutions.

ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's causes of action arising under the Fair Employment and Housing Act (the "FEHA") are barred because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA. Cal. Gov't Code §§ 12900 *et seq.*

TWELFTH AFFIRMATIVE DEFENSE

12.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, good faith belief

that all decisions with respect to Plaintiff's employment were made solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of employment of the employee(s) involved.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant did not authorize, direct, or participate in any alleged discriminatory, retaliatory, and/or wrongful conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant denies that it discriminated or retaliated against Plaintiff. However, if Plaintiff proves Defendant's acts were discriminatory or retaliatory, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged improper grounds.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination and retaliation and made good faith efforts to implement and enforce that policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because Plaintiff consented to the conduct for which she seeks relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any greater rights than she would have been if she had not taken a leave of absence or requested a leave of absence.  2 Cal. Code Regs. § 11089.  Plaintiff would not otherwise have been employed in her same position for legitimate business reasons unrelated to her leave of absence and/or request for leave of absence.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant denies that any activity protected by Labor Code Section 1102.5 occurred or was a factor in any alleged adverse employment action against Plaintiff. However, if Plaintiff proves that such activity occurred and that such activity was a contributing factor in any adverse employment action, Plaintiff's claims based on Labor Code Section 1102.5 are barred because any alleged adverse employment action by Defendant would have occurred for legitimate, independent reasons, regardless of the alleged improper grounds.  *See* Cal. Labor Code § 1102.6.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claim for equitable relief fails because Plaintiff has an adequate remedy at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims, or some of them, are "frivolous" pursuant to California Code of Civil Procedure § 128.6 and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

573702

6

WELLS FARGO CLEARING SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

23.    Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein; and

4.    For such other and further relief as the Court deems just and proper.

DATED:  May 8, 2024                          KADING BRIGGS LLP
                                             THERESA A. KADING
                                             KYMBERLEIGH DAMRON-HSIAO

                                             By: _____
                                                  KYMBERLEIGH DAMRON-HSIAO

                                             Attorneys for Defendants
                                             WELLS FARGO ADVISORS FINANCIAL
                                             NETWORK, LLC and WELLS FARGO
                                             CLEARING SERVICES, LLC

573702

7

WELLS FARGO CLEARING SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## <u>PROOF OF SERVICE</u>

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **May 8, 2024**, I served the foregoing document(s) described as:  **DEFENDANT WELLS FARGO CLEARING SERVICES, LLC'S ANSWER TO PLAINTIFF GRACIELA TANIOUS' COMPLAINT** on the interested parties in this action by the method indicated below and to the following addresses:

Lawrence Freiman, Esq.  
FREIMAN LEGAL  
100 Wilshire Blvd., Ste. 700  
Santa Monica, CA 90401

Attorneys for Plaintiff GRACIELA TANIOUS

Telephone: (310) 917-1004  
Facsimile: (310) 300-2603  
Email:  lawrence @freimanlegal.com

☐ **BY ELECTRONIC SERVICE THRU ONE LEGAL ONLINE COURT SERVICES:** I caused a copy of the foregoing document to be uploaded to One Legal Online Court Services for electronic service on the above-referenced individuals.

☐ **BY ELECTRONIC MAIL:**  I served the foregoing document(s) via electronic mail to the email address(es) noted above.

☒ **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:**  I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **May 8, 2024**, at Irvine, California.

_____  
**Valerie Beechler**

PROOF OF SERVICE

EXHIBIT "J"

# EXHIBIT "J"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Graciela Tanious

DEFENDANT:
Wells Fargo Advisors Financial Network, LLC, et al.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/17/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Jimenez _____ Deputy

CASE NUMBER:
24STCV08742

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 08/19/2024     Time: 8:30 AM     Dept.: 55

NOTICE TO DEFENDANT:     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/17/2024

Judicial Officer

Alison Mackenzie / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Lawrence W. Freiman, Esq.
100 Wilshire Blvd.
Suite 700
Santa Monica, CA 90401

David W. Slayton, Executive Officer / Clerk of Court

By M. Jimenez_____

Deputy Clerk

Dated: 04/17/2024

LASC LACIV 132 Rev. 01/23
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

EXHIBIT "K"

# EXHIBIT "K"

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC
and WELLS FARGO CLEARING SERVICES, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| GRACIELA TANIOUS,<br><br>               Plaintiff,<br><br>   vs.<br><br>WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC; WELLS FARGO CLEARING SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>               Defendants. | CASE NO.: 24STCV08942<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**<br><br>Complaint filed: April 8, 2024 |

573329

1

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Central District of California on May 9, 2024. A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and are served and filed herewith.

DATED: May 9, 2024          KADING BRIGGS LLP
                            THERESA A. KADING
                            KYMBERLEIGH DAMRON-HSIAO

                            By: _____
                                KYMBERLEIGH DAMRON-HSIAO

                            Attorneys for Defendants
                            WELLS FARGO ADVISORS FINANCIAL
                            NETWORK, LLC and WELLS FARGO
                            CLEARING SERVICES, LLC

573329

2

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT "L"

# EXHIBIT "L"

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KYMBERLEIGH DAMRON-HSIAO (SBN 240508)
Email: kdh@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendants
WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC
and WELLS FARGO CLEARING SERVICES, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

GRACIELA TANIOUS,

                   Plaintiff,

     vs.

WELLS FARGO ADVISORS
FINANCIAL NETWORK, LLC;
WELLS FARGO CLEARING
SERVICES, LLC; and DOES 1
through 20, inclusive,

                Defendants.

CASE NO. 24STCV08942

**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**

Complaint filed:  April 8, 2024

573328

1

NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES:

Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse Party of Removal of this action to the United States District Court for the Central District of California.  The original Notice of Removal of Civil Action to the United States District Court was filed with the United States District Court for the Central District of California with the attached exhibits on May 9, 2024.

The filing of said Notice of Removal effects the removal of the above-entitled action from this Court.

DATED:  May 9, 2024

KADING BRIGGS LLP
THERESA A. KADING
KYMBERLEIGH DAMRON-HSIAO

By: _____
KYMBERLEIGH DAMRON-HSIAO

Attorneys for Defendants
WELLS FARGO ADVISORS FINANCIAL
NETWORK, LLC and WELLS FARGO
CLEARING SERVICES, LLC

573328

2

NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT